**ORIGINAL**

Kim Dockstader, ISB No. 4207
Gregory C. Tollefson, ISB No. 5643
STOEL RIVES LLP
101 South Capitol Boulevard, Suite 1900
Boise, ID 83702-5958
Telephone: (208) 389-9000
Facsimile: (208) 389-9040
kdockstader@stoel.com
gctollefson@stoel.com

Attorneys for Defendant Micron Electronics, Inc.

U S DISTRICT &
BANKRUPTCY COURTS

04 AUG -3 PM 5: 57

FILED

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLEY SMITH, MICHAEL B. HINCKLEY, JACQUELINE T. HLADUN, MARILYN J. CRAIG, JEFFERY P. CLEVENGER, and TIMOTHY C. KAUFMANN, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>MICRON ELECTRONICS, INC., a Minnesota corporation,<br><br>Defendant. | Case No. CIV 01-0244-S-BLW<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION** |

Boise-174325.1 0026493-00046

Defendant Micron Electronics, Inc. ("Defendant" or "MEI"), by and through its attorneys, Stoel Rives LLP, respectfully submits this Memorandum in support of its Motion to strike "Plaintiffs' Statement of Material Facts" (Docket No. 220) filed in opposition to MEI's Motion for Partial Summary Judgment Re Statutes of Limitation.

Plaintiffs' disregard of the rules of this Court should not be countenanced. Plaintiffs' purported "Statement of Material Facts" should be stricken.

## I. INTRODUCTION

On June 17, 2004, MEI filed its briefing in support of partial summary judgment re: statutes of limitation. (Docket Nos. 193-198).

On July 14, 2004, Plaintiffs filed their opposition briefing. (Docket Nos. 219-221). Included in this opposition briefing was a document styled as "Plaintiffs' Statement of Material Facts." (Docket No. 219).

This document violates the District of Idaho Local Civil Rules with regard to both length, format and content and should be stricken by the Court.

## II. ARGUMENT

**A.   Plaintiffs' "Statement of Material Facts" Violates the Court's Rules**

The District of Idaho Local Civil Rules require the following of a party opposing a motion for summary judgment:

> *The responding party shall file a statement of facts which are in dispute not to exceed ten (10) pages in length.*

D.Idaho.L.Civ.R. 7.1(c)(2).

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 1

Boise-174325.1 0026493-00046

Plaintiffs' Statement of Material Facts violates Local Rule 7.1(c)(2). The document does not set forth "a statement of facts which are in dispute." Instead, Plaintiffs' Statement of Material Facts cursorily lists four purported "general categories" of "factual patterns" which are allegedly supported by witness testimony, but for which Plaintiffs candidly admit there is no "neatly" supportive testimony.

In contrast, Defendant's Statement of Facts (Docket No. 194) set forth ninety-three numbered facts which Defendant submitted were undisputed. Plaintiffs' Statement of Material Facts does not dispute any of Defendant's facts, but instead primarily restates out-of-context deposition testimony excerpts from some nineteen of the forty-two people that Defendant has so far deposed.

Moreover, often the testimony excerpts consist of witnesses' supposition, speculation as to others' state of mind, incomplete and out-of-context deposition testimony and particularly, testimony which is not relevant to the issues raised by Defendant's summary judgment motion. This plainly does not suffice as "a statement of facts which are in dispute" as required by the Court's rules of practice.

Secondly, Plaintiffs' Statement of Material Facts is greatly overlength. It runs some twenty-five pages, violating by fifteen pages the Court's clear local rule limiting the statement to ten pages. Plaintiffs never requested permission of the Court to file an overlength brief or statement of facts, nor was any such request made of Defendant to so stipulate.

The Court's rule limiting such briefing to ten pages indicates a desire to have the parties clearly identify particular material facts that are or are not in dispute. A regurgitation of random deposition excerpts (which also violate the page requirement) does not comply with the rule.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 2**

Boise-174325.1 0026493-00046

### B.     D.Id.L.Civ.R. 7.1(f) Supports The Striking Of Plaintiffs' Statement of Facts

Plaintiffs' failure to comply with the clear local rules of motion practice is fatal and should cause their Statement of Facts to be stricken. The Local Rules provide, *inter alia*:

> **Effects of Failure to Comply With the Rules of Motion Practice.**
>
> ... In the event an adverse party fails to file any response documents required to be filed under this rule in a timely manner, *such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application*. ...

D.Id.L.Civ.R. 7.1(f) (emphasis added). *See also*, *United States v. Hvass*, 355 U.S. 570, 575, 78 S.Ct. 501, 504 (1958) (local rules are "laws of the United States").

On this authority, Defendant requests that the Court exercise its discretion to strike Plaintiffs' Statement of Facts and deem Plaintiff's failure to timely file a proper statement of facts to constitute consent to the granting of Defendant's' Motion for Partial Summary Judgment Re Statutes of Limitation.

By asserting that Plaintiffs have consented to the granting of the Motion for Partial Summary Judgment Re Statutes of Limitation, Defendant does not assert that its motion for partial summary judgment should be automatically granted without further consideration. In fact, with or without Plaintiffs' Statement of Facts, Defendant's Motion for Partial Summary Judgment should be granted because Defendant's briefing demonstrates there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. *See e.g.*, *Johnson v. Contra Costa County Health Services*, No. C 98-0996 MJJ(PR), 1999 WL 760628, *1 (N.D.Cal. Sep 17, 1999) (citing Ninth Circuit law and finding that "a grant of default summary judgment

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 3**

Boise-174325.1 0026493-00046

will be proper as long as the movant's papers are themselves sufficient to support a motion for summary judgment or do not on their face reveal a genuine issue of material fact").

C. **Defendant Requests An Award of Attorney Fees And Costs**

Defendant also requests an award of attorney fees and costs for Plaintiffs' failure to comport their Statement of Materials Facts with the Local Rules (both in terms of length and content). The authority for such an award is contained in the Local Rules: "[T]he court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule." D.Id.L.Civ.R. 7.1(f).

D. **Plaintiffs' Statement of Facts Must Also be Stricken Because the Deposition Excerpts attached to the Affidavit of William F. Thomas (Docket No. 226) Cannot be Considered.**

The Court should also strike the Statement of Material Facts in its entirety since the Statement is unsupported by sworn testimony as required by Federal Rule of Civil Procedure 56(c). The Statement is unsupported because all of the deposition excerpts attached to the deposition of William H. Thomas (Docket No. 226) are inadmissible:

> A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. . . . . Ordinarily, this would have to be accomplished by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted. *It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a "true and correct copy."* . . . Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 4**

Boise-174325.1 0026493-00046

*Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (affirming exclusion of deposition excerpts on motion for summary judgment) (emphasis added and internal citations omitted).

The Thomas Affidavit and its exhibits suffer from the same deficiencies which were present in *Orr*. The Thomas Affidavit simply states: "Attached are true and correct copies of the following documents referred to in Plaintiffs' Statement of Undisputed Facts" and then lists "excerpts" from particular depositions. (Docket No. 220, at pp.2-3). Therefore, just as in *Orr*, the exhibits to the Thomas Affidavit (A-R) are not properly authenticated and must be excluded and not considered on summary judgment.

### E.  Inadmissible Evidence May Not Be Considered in Ruling on a Motion for Summary Judgment

Plaintiffs' Statement of Facts should be stricken for the reasons cited above in Sections B –D. However, should the Court not strike the Statement of Facts in its entirety, portions of Plaintiffs' Statement of Facts should be stricken for failure to comply with the summary judgment admissibility standards.

"Only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); *DeMaria v. Washington County*, 12 F. Supp.2d 1093, 1100 (D. Idaho 1996) (Winmill, J.) *aff'd by* 129 F.3d 125 (9th Cir. 1997), *cert. denied*, 525 U.S. 816 (1998) ("It is well-established that an affidavit filed in a summary judgment proceeding must 'set forth facts as would be admissible in evidence. . . .'") (citation omitted). *See also, Mickelsen v. Albertson's, Inc.*, 226 F. Supp.2d 1238 (D. Idaho 2002 (Boyle, J.)). Therefore, a deposition filed in opposition to

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 5**

Boise-174325.1 0026493-00046

...

summary judgment may be admitted and treated as an affidavit, but only if all of the requirements of Rule 56(e) are met. *See, Orr v. Bank of America*, 285 F.3d at 773 (applying Rule 56(e) to deposition testimony submitted in opposition to summary judgment); *see also*, FED. R. CIV. P. 56(e).

Testimony submitted in conjunction with summary judgment proceedings must (1) be based on personal knowledge; (2) state "facts as would be admissible in evidence" (*i.e.*, evidentiary facts, not conclusions); and (3) "show affirmatively that the affiant [or deponent] is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e); *United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1129, n.40 (E.D.Cal. 2001).

Many of the deposition excerpts filed in support of Plaintiffs' Statement of Material Facts are taken out of context from the deposition.[1] As such, the excerpts violate the "rule of completeness" of Federal Rule of Evidence 106, whose purpose is to avoid the "misleading impression created by taking matters out of context." *See* FED. R. EVID. 106 at Advisory Committee's Note.

Consequently, if Plaintiffs' Statement of Material Fact is not stricken in its entirety, those portions of the deposition testimony which do not meet the requirements of Federal Rule of Civil Procedure 56(e) and Rule of Evidence 106 must be stricken from the record and not considered in ruling on summary judgment.

---

[1] Because this argument is in the alternative, MEI has not described how each of the deposition transcripts are misleading and out of context. However, upon the Court's request or at the hearing on this motion, MEI may submit an affidavit describing the problems with the deposition transcripts as presented by Plaintiffs.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 6**

Boise-174325.1 0026493-00046

## III. CONCLUSION

In conclusion, Plaintiffs' Statement of Facts (Docket No. 220) does not comply with the Court's clear rules of practice and thus the Statement should be stricken and not considered by the Court. The Statement is also not supported by any testimony, as the deposition excerpts are not admissible. Finally, in the alternative, the Statement of Facts must be excised of testimony which violates the admissibility standards on summary judgment.

DATED this 3rd day of August, 2004.

STOEL RIVES LLP

*Kim Dockstader* (signature)
Kim Dockstader

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION - 7**

Boise-174325.1 0026493-00046

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3RD day of August, 2004, I caused to be served a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF MATERIAL FACTS (Docket No. 220) FILED IN OPPOSITION TO MICRON ELECTRONICS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTES OF LIMITATION** by the method indicated below, addressed to the following:

| | |
|---|---|
| William H. Thomas<br>Daniel E. Williams<br>Christopher F. Huntley<br>HUNTLEY PARK LLP<br>250 South Fifth Street<br>PO Box 2188<br>Boise, Idaho 83701-2188<br>Fax: 208 345 7894 | [X] Via U. S. Mail<br>[ ] Via Hand-Delivery<br>[ ] Via Overnight Delivery<br>[X] Via Facsimile |

Kim Dockstader