Kim Dockstader, ISB No. 4207
Gregory C. Tollefson, ISB No. 5643
STOEL RIVES LLP
101 South Capitol Boulevard, Suite 1900
Boise, ID 83702-5958
Telephone: (208) 389-9000
Facsimile: (208) 389-9040
kdockstader@stoel.com
gctollefson@stoel.com

Attorneys for Defendant Micron Electronics, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLEY SMITH, MICHAEL B. HINCKLEY, JACQUELINE T. HLADUN, MARILYN J. CRAIG, JEFFERY P. CLEVENGER, and TIMOTHY C. KAUFMANN, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>MICRON ELECTRONICS, INC., a Minnesota corporation,<br><br>        Defendant. | Case No. CIV 01-0244-S-BLW<br><br>**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1**
Boise-174875.1 0026493-00046

ORIGINAL 267

Defendant Micron Electronics, Inc. ("MEI") respectfully submits this Memorandum in Support of Motion to Strike Plaintiffs' Statement of Undisputed Facts (Docket No. 225) filed in Support of Plaintiffs' Motion for Partial Summary Judgment (Docket No. 223).

## I. INTRODUCTION

For the same reasons set forth in Defendant's Memorandum in Support of Motion to Strike Plaintiffs' Statement of Material Facts (Docket No. 220) Filed in Opposition to Micron Electronics, Inc.'s Motion for Partial Summary Judgment Re: Statutes of Limitation (Docket No. 243), MEI now moves the Court to strike Plaintiffs' Statement of Undisputed Facts (Docket No. 225) ("Plaintiffs' Statement of Facts") filed in support of Plaintiffs' Motion for Partial Summary Judgment.

On July 16, 2004, Plaintiffs filed a motion for partial summary judgment regarding three issues:

(1) liquidated damages pursuant to 29 U.S.C. § 216(b);

(2) the alleged willfulness of MEI's conduct pursuant to 29 U.S.C. § 255(a); and

(3) treble damages under Idaho Code §§ 45-614 and 45-615.

(Docket No. 223.)

In support of that motion Plaintiffs also filed Plaintiffs' Statement of Facts and the Affidavit of William H. Thomas in Support of Plaintiffs' Motion for Partial Summary Judgment (the "Thomas Affidavit") (Docket No. 226).

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2**
Boise-174875.1 0026493-00046

Plaintiffs' Statement of Facts can be distilled to four basic allegations:

(1) One Minnesota-based claimant's, Marvin Masteller's, pay status was converted from salary to hourly wages (in 1999 or 2000) and he was told that he would not be paid for overtime work;

(2) employees worked off the clock and were not paid for that time;

(3) employees were implicitly and explicitly told that they would not be paid for off-the-clock work; and

(4) their supervisors knew that they were working off-the-clock.

In support of the Statement of Facts, Plaintiffs generally cite some excerpts of deposition testimony. However, some of the deposition excerpts are misleading and others do not support the alleged "fact" for which they are cited. The various evidentiary issues associated with Plaintiffs' Statement of Facts are discussed in greater detail below.

## II. ARGUMENT

This Court should strike Plaintiffs' Statement of Facts, because it is not supported by authenticated and, thus, admissible, evidence. Alternatively, the Court should analyze and strike each of the alleged facts in Plaintiffs' Statement of Facts, because they are based on misleading excerpts of deposition testimony and/or require a level of conjecture or supposition that suggests the alleged "facts" are not actually "facts" at all but consist of unsupported allegations colored by argument and opinion that should not be countenanced by the Court and cannot support a motion for summary judgment.

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3**
Boise-174875.1 0026493-00046

A.  **The Court Should Strike Plaintiffs' Statement of Facts for Failure to Comply with the Federal Rules of Evidence.**

Plaintiffs' Statement of Facts must be stricken from the record, because it is supported by deposition testimony that has not been properly authenticated and is therefore inadmissible.

Inadmissible evidence cannot be considered in a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(e), affidavits submitted in support of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." To be admissible, evidence must be authenticated. Fed. R. Evid. 901(a) (authentication is "a condition precedent to admissibility"). Unauthenticated evidence must be stricken from the record, because "unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994).

"The requirement of authentication ... is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). For the purpose of summary judgment, depositions or excerpts from depositions are authenticated when the affidavit "identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Orr* at 774. Even if the affiant-counsel is present at the deposition, "[i]t is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.'" *Id.*

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4**

Boise-174875.1 0026493-00046

The Thomas Affidavit fails to properly authenticate the attached deposition excerpts, stating only, "[a]ttached are true and correct copies of the following documents referred to in Plaintiffs' Statement of Undisputed Facts," then listing the excerpts cited. The Thomas Affidavit does not meet the standard set forth in *Orr*, because, like the affidavit in *Orr*, the Thomas Affidavit fails to identify the name of the action and lacks the reporter's certification that the deposition is a true record of the deponent's testimony. Without proper authentication, the deposition transcripts are inadmissible and ought to be stricken from the record. Further, a review of the excerpted testimony reveals in many instances that such testimony does not support a finding of what the Plaintiffs (as proponents) claim.

**B.     The Court Also Should Strike the Statements of Fact, Because They Are Based on Mischaracterized and Misleading Deposition Excerpts.**

Plaintiffs' Statement of Facts is based in part on deposition excerpts that, taken out of context, are misleading and do not support the findings or claims proposed by Plaintiffs. In addition, the alleged statements of fact require a leap of inference or supposition in order to get from the deposition statement to any alleged "fact." Accordingly, because the alleged statements of fact are based on misleading evidence and conjecture, they should be stricken.

Pursuant to Federal Rule of Evidence 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues…" In addition, Federal Rule of Evidence 106 provides that when a portion of a recorded statement or writing is introduced, the adverse party "may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**

be considered contemporaneously with it." Similarly, Federal Rule of Civil Procedure 32(a)(4) provides that when an excerpt from a deposition is offered in evidence, "an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced" or "may introduce any other parts."

Because the "facts" in Plaintiffs' Statement of Facts are not facts at all but are based on mischaracterized and misleading testimony, they should be stricken from the record. Each alleged "fact" and the corresponding evidentiary problems are discussed below.

### 1. Plaintiffs Allege that Marvin Masteller's Pay Status Was Converted to an Hourly Pay Plan and He Was Told That He Could Work All the Hours He Wanted to, but That He Would Not Be Paid Overtime.

This statement is based on a misleading excerpt from Mr. Masteller's deposition and is an inaccurate characterization of the instructions Mr. Masteller received.

Read in its entirety, Mr. Masteller's deposition testimony demonstrates that he was actually prohibited from working off-the-clock. Mr. Masteller testified that he never asked for overtime compensation and was always paid for the work he reported. (Masteller Depo. 58:6-11.)[1] Moreover, Mr. Masteller explained that his supervisors never told him to work off-the-clock, and, when they discovered he was working overtime and not reporting it, he was reprimanded for doing so. (*Id.* at 48:22-51:4.) In truth, Mr. Masteller's testimony demonstrates

---

[1] To avoid overburdening the Court with lengthy citations, all citations to the depositions attached as exhibits to the Omnibus Affidavit of Gregory C. Tollefson in Support of Defendant Micron Electronics, Inc.'s (1) Memorandum in Response to Plaintiffs' Motion for Partial Summary Judgment, (2) Motion to Strike, and (3) Cross-Motion for Partial Summary Judgment Re: Willfulness ("Omnibus Affidavit") will be cited as, "[Deponent] Depo. Page: Line." All of the depositions cited herein are attached to the Tollefson Affidavit in alphabetical order.

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6**

that he voluntarily chose to work overtime hours in order to make more sales and earn larger commissions. (*Id.* at 24:5-15, 55:11-14.)

Because there is no support for the allegation that Mr. Masteller was told he would not be paid for the hours he actually worked, the statement should be stricken from the record.

### 2. Plaintiffs Allege That Employees Worked Off-the-Clock and Were Not Paid for That Time.

For purposes of this argument, MEI acknowledges the obvious circumstance that some employees were not paid for time they failed to report, simply because MEI had no way of knowing or accounting for such time. Nevertheless, it appears Plaintiffs' mean to insinuate that employees were asked to work through their lunch breaks without compensation. This insinuation is incorrect.

Most of the deposition testimony cited by Plaintiffs in support of this "fact" relates to employees simply *working* during lunch. (*See* Plaintiffs' Statement of Facts at 3-5 (citing deposition testimony of Jeffery P. Clevenger, Marilyn J. Craig, Alan C. Garcia, Michael B. Hinckley, Jacquline Hladin, Timothy Kaufmann, Ryan Keen, Linda Lee, Isaac Moffett, Jeffrey Parrish, Michelle Saari, David Kestner, and Ricky Ferrara).) As a preliminary matter, evidence that inside sales representatives were working through lunch, without more, does not establish that these individuals did not record or were not paid for that time. Moreover, it does not establish that such time constituted overtime, which for purposes of the FLSA is determined on a *weekly* basis for each individual.

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7**
Boise-174875.1 0026493-00046

For example, the testimony of Michael B. Hinckley has nothing to do with reporting time; he simply mentioned that he rarely took lunch breaks. (Hinckley Depo. 165:3-7.) When asked if he took lunch breaks, Mr. Hinckley responded, "Rarely. I did. ... Maybe once a week, possibly twice a week." (*Id.*) Following this testimony, Mr. Hinckley described where he typically went for lunch and who went with him, not how he recorded that time. (*Id.* at 65:8-13, 66:4-21.)

Plaintiffs take such statements regarding *working* during lunch to and move to a conclusion that these inside sales representatives did not *report* the time worked during their lunch breaks or were asked *not to report* such time. This logical fallacy obviously constitutes insufficient support for the "fact" alleged by Plaintiffs.

Furthermore, there are serious discrepancies within the testimony of Alan C. Garcia and Ryan Keen which render these individuals' quoted excerpts misleading and inadmissible.

Mr. Garcia testified that he was required to work through lunches without pay. (Garcia Depo. 71:21-72:1.) Mr. Garcia also testified that he reported all of the hours he worked. (*Id.* at 65:24-66:7, 66:10-67:1.) Mr. Garcia specifically stated, "There is no time that I worked which was not recorded." (*Id.* at 66:6-7.)

Similarly, Ryan Keen testified that "you couldn't work through lunch to cut your shift an hour short, and working through lunch didn't count as overtime." (Keen Depo. 93: 20-22.) At the same time, Mr. Keen also testified that he understood the MEI policies regarding recording his time, including his responsibility to accurately report all time worked, and, according to Mr. Keen, he complied with these policies. (*Id.* at 89:20-91:9.)

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8**

These contradictions within the sworn testimony renders the quoted excerpt misleading, mischaracterized and inadmissible; these alleged "facts" should be stricken from the record.

### 3. Plaintiffs Allege that Employees Were Implicitly and Explicitly Told That They Would Not Be Paid for Off-the-Clock Work.

Again, for purposes of this argument, MEI acknowledges the circumstance that some employees were not paid for work they failed to record, which is, by obvious definition, unreported and thus unaccountable. Nonetheless, it appears Plaintiffs mean to insinuate that the employees were instructed to work off-the-clock in willful violation of the FLSA. This insinuation obviously is incorrect. Ultimately, the statements in support of such an allegation are ambivalent at best and suggest that the inside sales representatives themselves, not their supervisors, were determining when to report overtime and then failed to disclose the total hours worked. Therefore, Plaintiffs' "facts" again are based on argumentative supposition and conjecture and are inadmissible.

For example, the deposition testimony of Laura Anderson cited by Plaintiffs states, "I was concerned that I was working some overtime and, on one hand I was being told by my supervisor to get the job done, and on the other hand they didn't want us working overtime." (Anderson Depo. 33:12-16.) This testimony does not suggest that Ms. Anderson was instructed to work off-the-clock. In fact, in other testimony, Ms. Anderson stated that her supervisor never told her to not write down all the hours she was working. (*Id.* at 40:24-41:1.)

Plaintiffs also cite the deposition testimony of Marilyn J. Craig in support of the statement that employees were told to work off-the-clock. Specifically, Ms. Craig testified that

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9**
Boise-174875.1 0026493-00046

her supervisor, Lori Chitwood, said, "You guys know I'm going to be going to jail for this if you work overtime and are not getting paid for it." (Craig Depo. 61:14-16.) This statement does not in any way suggest that Ms. Chitwood condoned off-the-clock work. In fact, it suggests that Ms. Chitwood was encouraging her inside sales representatives to be more efficient and get their work done in the hours available, as well as making sure overtime was paid so she would avoid "going to jail."

### 4. Plaintiffs Allege That Supervisors Knew That the Inside Sales Representatives Were Working Long Hours and Were Working Off-the-clock.

Virtually all of the testimony cited in support of this alleged "fact" relates to the long hours worked once again requires a leap of reasoning to reach the supposed factual conclusion that supervisors actually knew whether the inside sales representatives were working unreported overtime. Thus the "fact" is not a fact at all but simply a logical fallacy based on argumentative conjecture and supposition.

Furthermore, the testimony of Rory Kip DeRouen does not support this statement. Mr. DeRouen testified that his supervisor "would tell me how many hours of overtime he could pay. And if I couldn't get the job done in those amount of hours, it was pretty much insinuated that that's all I can sign for you." (DeRouen Depo. 62:20-23.) Nothing about this statement supports a finding that Mr. DeRouen's supervisor knew he was working off-the-clock. Mr. DeRouen simply provided that the supervisor did not want Mr. DeRouen to work excessive hours.

In addition, the entire testimony of Kevin Mark Henderson demonstrates that the excerpt provided in support of the cited statement is misleading. Mr. Henderson testified that he did not

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 10**

actually report his time; his supervisor did. (Henderson Depo. 29:8-20:9.) Further, Mr. Henderson testified that he never checked to see whether the overtime he worked was actually recorded. (*Id.* at 29:20-30:9.)

Finally, the deposition testimony of Kimberley Smith does not suggest that her supervisor actually knew she was working unreported overtime; Ms. Smith testified merely that she felt he should have known. (Smith Depo. 293:3- 294:15.) According to Ms. Smith, her supervisor should have known how many hours she was working, because he allegedly could have run a call-log report, determined when she logged on and off her computer, or run a batch scan (though she admitted that the batch scan would have been a questionable measure, because people were herding in and out.) (*Id.*).

### III. CONCLUSION

Because the Thomas Affidavit fails to properly authenticate the deposition transcripts cited in Plaintiffs' Statement of Facts, Plaintiffs' Statement of Facts should be stricken in its entirety. Alternatively, the Court should strike those facts allegedly supported by deposition testimony that is mischaracterized or misleading and constitutes inadmissible conjecture and speculation.

DATED this 24th day of August, 2004.

STOEL RIVES LLP

_____
Kim Dockstader

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 11**
Boise-174875.1 0026493-00046

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2004, I caused to be served a true copy of the foregoing **DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** by the method indicated below, addressed to the following:

William H. Thomas  
Daniel E. Williams  
Christopher F. Huntley  
HUNTLEY PARK LLP  
250 South Fifth Street  
PO Box 2188  
Boise, Idaho 83701-2188  
Fax: 208 345 7894

[ ] Via U. S. Mail  
[X] Via Hand-Delivery  
[ ] Via Overnight Delivery  
[ ] Via Facsimile

_____  
Kim Dockstader

**DEFENDANT MICRON ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (Docket No. 225) FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 12**

Boise-174875.1 0026493-00046